NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACY L. WEBER,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>TMG LOGISTICS, INC.; DAVINDER<br>SINGH MINHAS,<br><br>　　　　　Defendants-Appellees. | No.　18-17177<br><br>D.C. No.<br>2:15-cv-01829-WBS-AC<br><br>MEMORANDUM* |
| STACY L. WEBER,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>TMG LOGISTICS, INC.; DAVINDER<br>SINGH MINHAS,<br><br>　　　　　Defendants-Appellants. | No.　18-17236<br><br>D.C. No.<br>2:15-cv-01829-WBS-AC |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted February 13, 2020
San Francisco, California

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[**] District Judge.

Plaintiff-Appellant/Cross-Appellee, Stacy Weber ("Weber") appeals the district court's judgment and denial of her motion for a new trial following a jury trial in a diversity action filed by Weber for alleged injuries sustained after her car was rear-ended by a tractor-trailer owned and operated by Defendants-Appellees/Cross-Appellants, TMG Logistics, Inc. and Davinder Singh Minhas (collectively, "TMG"). TMG cross-appeals, alleging that the district court erred in denying its motion for fees under Fed. R. Civ. P. 37(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court on all issues raised.[1]

**1.** Weber first contends that the district court abused its discretion in denying her motion for a new trial because the jury's verdict was against the clear weight of the evidence. To warrant a reversal of the district court's denial of her motion for a new trial based on insufficiency of the evidence, Weber must show that "the record contains no evidence in support of the verdict." *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002) (citation omitted). Here, there was some evidence from which the jury could conclude that the collision was

---

[**] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] Because the parties are familiar with the facts and issues in this case, we do not recite them in detail here.

not a substantial factor in causing Weber's spinal injuries—namely, the evidence that Weber had spinal problems prior to the collision and the expert disputes regarding the extent of Weber's spinal injuries and whether they were caused or exacerbated by the collision. We also find unpersuasive Weber's argument that the jury award for the stipulated amount of past medical expenses was inconsistent with its finding that the collision was not a substantial factor in causing injury to Weber's spine. We therefore affirm the district court's denial of Weber's motion for a new trial.

2. The district court also did not abuse its discretion in admitting evidence of Weber's family wealth and history of prior investments. Weber alleges that the district court erred in failing to exclude evidence of (1) a statement from the "social history" section of a doctor's intake notes that Weber and her husband were wealthy from flipping houses and she was not working, and (2) her family's tax returns. The district court reasonably found that this evidence was relevant to rebut Weber's economic damages claim (i.e. loss of wages / loss of earning capacity), and thus its admissibility depended largely on whether Weber would ultimately pursue that claim at trial. Because Weber raised her claim for economic damages, the district court's decision to allow the evidence was reasonable. Even assuming error, these pieces of evidence likely did not result in prejudice to Weber when viewed in the context of the entire trial and the jury's verdict.

**3.** Weber argues that the court abused its discretion when it failed to exclude, or at least limit, the testimony of Dr. Knapp, the defendants' biomechanics expert. We disagree. First, the district court did not abuse its discretion when it concluded that Dr. Knapp—who had a Ph.D. in biomechanics and had published a book on forensic biomechanics, amongst other qualifications—was sufficiently qualified to testify as an expert under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The district court conducted a thorough review of Dr. Knapp's qualifications and potential testimony and correctly observed that biomechanics experts have generally been allowed to testify under *Daubert*.

Furthermore, the district court did not abuse its discretion in allowing Dr. Knapp to opine on whether Weber's injuries were caused by the collision. Courts have differed as to whether biomechanics experts can testify on specific causation, and some courts have recognized that such opinion testimony is "a product of reliable principles and methods." Fed R. Evid. 702(c); *see Allen v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0019-HRH, 2016 WL 9086966, at *3 (D. Alaska Aug. 2, 2016). Thus, it was not unreasonable for the district court to allow Dr. Knapp to testify on injury causation once defense counsel laid a foundation regarding the reliability of Dr. Knapp's methodology for his opinion.

**4.** Weber argues that the district court should have granted her a new trial

based on the misconduct of defense counsel. We find that the comments made by defense counsel during closing argument, in which he accused Weber and her counsel of "planting" and "manufacturing" evidence, were unprofessional and potentially improper.[2] However, to warrant reversal on grounds of attorney misconduct, "the flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Standard Oil Co. v. Perkins,* 347 F.2d 379, 388 (9th Cir. 1965). While we do not condone the comments by defense counsel, they were generally confined to his closing argument and did not permeate the entire trial. We are also unconvinced that the comments impacted the jury's ability to give proper consideration to the evidence and the issues, given its mixed verdict and award of damages. Thus, the district court did not abuse its discretion when it declined to find that defense counsel's statements warranted a new trial.

5. Finally, the district court did not err in denying TMG's motion for attorneys' fees under Fed. R. Civ. P. 37(c) to recover the fees and costs they incurred in defending against Weber's wage loss and loss of earning capacity claim. Rule 37(c) requires the motion to be granted unless certain exceptions are met, such as "the party failing to admit [a matter that has since been proven true]

---

[2] We also think TMG's counsel should not have endeavored to justify the propriety of these statements at oral argument.

5

had a reasonable ground to believe that it might prevail on the matter." Fed. R. Civ. P. 37(c)(2). The district court did not abuse its discretion in concluding that "plaintiff's evidence, while ultimately not persuasive, was a sufficient basis for a reasonable belief that she would prevail at trial on her lost wages and loss of earning capacity claims." The district court reached this conclusion after finding that Weber "did produce some evidence tending to show that she would or could have earned more had she not suffered the alleged injuries she claims were caused by the accident at issue in this case" and that the success of Weber's claim "hinged in part on the jury's credibility determination" as to Weber and her witnesses. These findings are supported by the record. As such, we affirm the district court's denial of TMG's Rule 37(c) motion.

**AFFIRMED.**

FILED

FEB 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Weber v. TMG Logistics, Inc.*, Case Nos. 18-17177 and 18-17236**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

1